IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 3:11CV644 |
| Plaintiff, | |
| v. | COMPLAINT |
| WEIMAN'S BAKERY, INC. | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (black), and to provide appropriate relief to Dominique R. Terry, as well as other similarly situated black employees who were adversely affected by such practices. Specifically, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Weiman's Bakery, Inc., ("Defendant"), subjected Dominique R. Terry and similarly situated black employees to racial harassment that created a racially hostile work environment because of their race, black.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the state of Virginia and the city of Richmond, Virginia and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dominique R. Terry filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around March 11, 2009 until around November 6, 2009 Defendant subjected Dominique Terry to a racially hostile work environment and engaged in unlawful employment practices at its Richmond, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

    a. From March 11, 2009 until November 6, 2009 Terry's direct supervisor (white) made unwelcome racist comments to or in the presence of Terry. The comments

included such things as, "I am glad to get rid of that nigger;" "you are a stupid nigger," "these niggers are too slow," "I don't know what is wrong with these niggers," and "we need to hire some more niggers."  The supervisor also referred to black employees including Terry by other racist terms such as "cocoa" and specifically called Terry "jughead" or "boy" in lieu of his name.  This type of racially offensive comments and references were either directed at Terry or at other black employees in Terry's presence on a daily basis.

    b.  Defendant's vice president (white) also made racially offensive comments to Terry or in Terry's presence. Defendant's vice president also had direct supervisory authority over Terry.  In three separate incidents, the vice president referred to Terry as a "monkey," in statements made to Terry.  On several occasions, the vice president also referred to Terry as "boy."  Terry overheard the vice president make at least one remark referring to a black employee as "nigger."  Specifically, Terry observed the vice president firing a black employee and telling the employee something like, "you can get your nigger self out of here."

    c.  The supervisor and vice president's racist comments toward and in the presence of Terry were therefore severe or pervasive, and were offensive to Terry.  Moreover, Terry did not invite or otherwise welcome the racist comments.  When Terry heard the supervisor refer to black employees or himself by the term "nigger," Terry told the supervisor that his comments were offensive.  Terry also told the supervisor that he objected to being called "boy," "jughead" and "cocoa."  Likewise, when the vice president referred to Terry as "boy" or "monkey," Terry told the vice president that he objected to being called these names.  Despite his complaints, Defendant failed to take

prompt or effective action to end the racial harassment and the harassment continued until Terry left his employment with Defendant.

8.　From around from September 4, 2009 to March 23, 2010 Defendant subjected Javon Wilson (black), to a racially hostile work environment and engaged in unlawful employment practices at its Richmond, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

　　a.　From on or about September 4, 2009 until around March 23, 2010 the same direct supervisor who subjected Terry to racist comments, subjected Wilson to unwelcome racist comments because of Wilson's race.  For example, Wilson heard the supervisor refer to black employees and black people in general as "niggers" at least twice per week.  Wilson was offended by the racist comments perpetrated by Defendant's supervisor and did not invite or otherwise welcome it.  The harassment was severe or pervasive because Wilson was subjected to the supervisor's racist comments at least twice per week throughout the duration of Wilson's employment with Defendant.

9.　In addition to subjecting Terry and Wilson to the racially hostile work environment which began at Defendant's Richmond, Virginia location as early as February 2007, Defendant has subjected other similarly situated black employees to similar unwelcome conduct based on their race (black).  Racist comments, including such things as the term "nigger," were made by the supervisor and/or the vice president within hearing of other black employees, and were unwelcome to those employees.  Defendant failed to take prompt and effective corrective action to end it.

10.     The effect of the practices complained of in paragraphs 7 through 9 above has been to deprive Terry, Wilson and other similarly situated black employees of equal employment opportunities, and otherwise adversely affect their status as employees because of their race, black.

11.     The unlawful employment practices complained of in paragraphs 7 through 9 above were intentional.

12.     The unlawful employment practices complained of in paragraphs 7 through 9 above were done with malice or with reckless indifference to the federally protected rights of Terry, Wilson and other similarly situated black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a racially hostile work environment or from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for blacks, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Terry, Wilson and other similarly situated black employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above,, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices asserted

in paragraphs 7 through 9 above.

D. Order Defendant to make Terry, Wilson and other similarly situated black employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 through 9 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Terry and other similarly situated black employees punitive damages for its malicious and reckless conduct complained of in paragraphs 7 through 9 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

_____
SUZANNE L. NYFELER
VA Bar No. 40450
Senior Trial Attorney
Richmond Local
830 East Main Street
Suite 600
Richmond, Virginia 23219
Telephone: (804) 771-2215
Fax: (804) 771-2222
suzanne.nyfeler@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**